IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

1199 SEIU UNITED HEALTHCARE : 
WORKERS EAST :

  v. : Civil Action No. DKC 10-0479

 :
CIVISTA MEDICAL CENTER, INC.
 :

**MEMORANDUM OPINION**

Presently pending and ready for review in this action to confirm an arbitration award is the motion of Defendant Civista Medical Center to dismiss. (ECF No. 7). The issues are fully briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion will be granted.

**I. Background**

Plaintiff, 1199 SEIU United Healthcare Workers East ("Union"), is a labor organization that is the exclusive collective bargaining representative for a unit of approximately 200 Registered Nurses ("Nurses") employed by the Defendant, Civista Medical Center, Inc. ("Civista"). (ECF No. 1 ¶ 1). Civista is a Maryland corporation that owns and operates a hospital in La Plata, Maryland. (*Id.* at ¶ 2). Civista and the Union are parties to a collective bargaining agreement ("CBA") that covers the terms and conditions of employment for the

Nurses in the Union at Civista's hospital. (*Id.* at ¶ 3). The CBA provides for final and binding arbitration of grievances between the parties. (*Id.* at ¶ 6)(referencing Exhibit 1A, CBA Articles 13 and 14). In March 2009, the parties arbitrated a grievance filed by the Union before Arbitrator Robert A. Creo. (*Id.* at 7). Mr. Creo issued a written opinion and award dated March 2, 2009. (*Id.*) The award enumerated nine specific actions that the parties should take but did not include a monetary award. (*Id.*, Exhibit 2, at 29-30).

On March 1, 2010, the Union filed a petition for an order confirming the arbitration award in federal district court pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 (2010). (ECF No. 1). On April 5, 2010, Civista filed a motion to dismiss pursuant to Fed.R.Civ.P.12(b)(6) for failure to state a claim. (ECF No. 7).

**II. Motion to Dismiss**

   **A. Analysis**

Defendant argues that the complaint should be dismissed because there is no dispute between the parties that would be resolved by confirming the arbitration award. (ECF No. 7, at 2). Defendant contends that because Plaintiff is not seeking to collect a monetary award or otherwise to enforce the award because of non-compliance, there is no basis for judicial intervention. (*Id.* at 3-4). Plaintiff counters that the

statutory scheme of the Federal Arbitration Act ("FAA") provides for a streamlined confirmation process that does not include a threshold factual showing of an underlying dispute between the parties subject to an arbitration award. (ECF No. 9, at 7). Plaintiff further maintains that because the FAA contains a mandatory one-year statute of limitations for seeking confirmation of an arbitration award it had to bring the suit now or it would forfeit its right to confirmation. (*Id.* at 2-5).

General principles of federal court jurisdiction and the law specific to confirmation of arbitral awards are relevant to the outcome of Defendant's motion. In Article III of the Constitution, the judicial power of the federal courts is restricted to "cases" and "controversies." U.S. Const. art III, § 2. To satisfy the case or controversy requirement, among other things, "a federal court must be presented with opposing parties representing adverse interests." 1 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1.15 (2010). In addition, the doctrine of ripeness dictates that courts "should decide only existing substantial controversies, not hypothetical questions and possibilities." *Id.* § 1.16; *see also Miller v. Brown*, 462 F.3d 312, 318-19 (4th Cir. 2006)(internal marks omitted)("The doctrine of ripeness prevents judicial

3

consideration of issues until a controversy is presented in clean-cut and concrete form.").

In contrast to the well-established principles of the case or controversy requirement, the rules governing confirmation and enforcement of arbitration awards between labor organizations and management are somewhat murky. The Federal Arbitration Act does not apply directly to labor contracts under § 301 of the Labor-Management Relations Act. *See Paperworkers v. Misco*, 474 U.S. 29, 40 n.9 (1987). While courts frequently turn to the FAA for guidance in making rulings relating to arbitration provisions in agreements between labor and management, they are not bound by its terms. Instead, the Supreme Court has held that section 301 itself provides a body of federal substantive law. *Textile Workers Union of America v. Lincoln Mills of Ala.*, 353 U.S. 448, 456 (1957)("We conclude that the substantive law to apply in suits under § 301(a) is federal law, which the courts must fashion from the policy of our national labor laws."). Thus, the FAA's section providing for automatic confirmation does not mandate the result Plaintiff seeks.[1]

---

[1] 9 U.S.C. § 9 provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the

Indeed, several courts have denied requests to confirm arbitration awards between labor and management where there was no live and actual dispute between the parties. *See, e.g., Derwin v. Gen. Dynamics Corp.*, 719 F.2d 484 (1st Cir. 1983); *Steris Corp. v. Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am.*, 489 F.Supp.2d 501 (W.D.Pa. 2007); *Local 2414 of the United Mine Workers of Am. v. Consol. Coal Co.*, 682 F.Supp. 399 (S.D.Ill. 1988). In *Derwin*, the United States Court of Appeals for the First Circuit reviewed a district court's dismissal of a union's application for confirmation of an award. *Derwin*, 719 F.2d at 485. Neither party had challenged the arbitration award at issue, which set forth certain mandatory actions for the parties but did not include a money judgment. *Id.* at 486. The First Circuit held that confirmation of the award was not warranted because the union was not seeking resolution of a concrete dispute, "rather the court [was] simply being asked to put its imprimatur upon an

> award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

arbitral award in a vacuum." *Id.* at 490. The First Circuit had determined that the FAA one year statute of limitations did not apply to actions seeking confirmation of arbitral awards between labor and management and thus determined that the better approach would be for the parties to seek confirmation if and when an actual dispute arose in the future. *Id.* at 491-493. The *Derwin* court further stated:

> The federal substantive law subsumes the prudential values of Article III, which militate against ministerial confirmation of awards in the absence of a concrete dispute. Moreover, the reliance on arbitration to settle labor disputes is a central policy of federal labor law. To grant the requested confirmation at this juncture would risk injecting the courts improperly into the arbitration process, since absent a concrete dispute there is no way for the district court to know whether there is any matter which it can properly review and its order may merely serve to skew the bargaining balance between the parties.

*Id.* at 492.

Following this logic, a district court in the Southern District of Illinois likewise denied a union's request to confirm an arbitration award where neither party had contended that the awards were invalid or asserted noncompliance. *Local 2414 of United Mine Workers of America*, 682 F.Supp. at 399. Similarly, in *Steris Corp*. a district court in the Western District of Pennsylvania held that in the absence of allegations that defendants had refused to comply with the arbitration

award, plaintiff could not show that it had suffered an injury, and there was no controversy that required judicial intervention. 489 F.Supp.2d at 515.

Still in other districts, courts have declined to follow the ruling in *Derwin* and have confirmed arbitration awards even where there was not a current live dispute about the applicability or meaning of the award. *See e.g., National Football League Players Assoc. v. National Football League Mgmt. Council*, No. 08 Civ. 3658(PAC), 2009 WL 855946 (S.D.N.Y. Mar. 26, 2009); *Ono Pharmaceutical Co. v. Cortech Inc.*, No. 03 Civ.5840 SAS, 2003 WL 22481379 (S.D.N.Y. 2003). In *National Football League Players Association,* the court confirmed an arbitration award where there was no dispute about it, but the court's ruling was based in part on the fact that the award in question would not take effect until 2010 and New York State law imposed a one year statute of limitations on motions to confirm arbitral awards. 2009 WL 855946 at *3-4.

An additional consideration then is whether a one-year statute of limitations applies to requests for confirmation of arbitration awards such that the Union could be prejudiced if the court dismissed the case and a dispute arose in the future regarding the award. In many circuits, courts look not to the FAA but to state statutes for the relevant statute of limitation in cases under § 301. *See San Diego Cnty. Dist. Council of*

7

*Carpenters v. G.L. Cory, Inc.*, 685 F.2d 1137, 1141 (9th Cir. 1982)(applying state statute of limitations to action to vacate rather than FAA time period); *Edwards v. Sea-Land Serv., Inc.*, 678 F.2d 1276, 1291 (5th Cir. 1982)(same); *Derwin*, 719 F.2d at 487-88. The United States Court of Appeals for the Fourth Circuit has followed this approach and in the context of an action to vacate an arbitral award stated:

> Congress has not provided for a limitations' period for actions under § 301 to vacate an arbitration award, and has specifically excluded the application of the United States Arbitration Act to actions concerning such collective bargaining agreements. Thus, given that Congress has not provided otherwise, we look to the law of Maryland to determine the appropriate limitations' period.

*Sine v. Local No. 992 Int'l Bhd. of Teamsters*, 644 F.2d 997, 1002 (4th Cir. 1981). Under Maryland law there is a 30 day statute of limitations for motions to vacate arbitral awards, Md. Code Ann., Courts and Judicial Proceedings, § 3-224 (2010), but the Maryland Code does not include a statute of limitations for actions to confirm arbitral awards.

The Union argues that the FAA's one-year statute of limitations for confirmation of arbitral awards applies to the case. (ECF No. 9 ¶ 5). The Union's argument fails for two reasons. First, the Fourth Circuit has not interpreted § 9 of the FAA as creating a mandatory one-year statute of limitations

8

period for actions seeking confirmation of arbitral awards. *See Sverdrup Corp. v. WHC Constructors, Inc.*, 989 F.2d 148, 150-56 (4th Cir. 1993). The Fourth Circuit interpreted the language to permit actions filed after the one-year period had passed. *Id.* While a subsequent district court case in 2005 called for reexamination of the Fourth Circuit's position in light of other circuits' interpretation that the FAA one-year limitation period was mandatory, *see Maryland Transit Admin. V. Nat'l R.R. Passenger Corp.*, 372 F.Supp.2d 478, 483 (D.Md. 2005), it remains the law in this circuit. More importantly, and as discussed above, the FAA does not control labor contracts under § 301. Thus, even if the law of this circuit imposed a one-year statute of limitations period for actions to confirm arbitration awards, courts would not be bound to apply that statute of limitations to cases such as this one.

At present there is no live controversy or dispute between the parties regarding the arbitral award. The Union's argument that it may be unable to seek confirmation at a later date if a dispute arises rests on hypotheticals and prognostication; the Fourth Circuit would have to change its interpretation of the FAA with respect to the statute of limitations for confirmation of awards, and decide to apply the FAA statute of limitations period in this context. Accordingly there is no basis for the

court to take action to confirm the award and the motion to dismiss will be granted.

## III. Conclusion

For the foregoing reasons, Civista's motion to dismiss will be granted. A separate Order will follow.

```
                          /s/
             DEBORAH K. CHASANOW
             United States District Judge
```